The Honorable Brent Haltom Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr. Haltom:
This is in response to your request for an opinion regarding whether a person may be placed on the ballot as a member of an organized party if the city in which he wishes to run for election has not passed the resolution required by Act 905 of 1989.
As was explained in Opinion No. 89-314, issued by this office on January 11, 1990, Act 905 of 1989 required that candidates for municipal office in all elections in cities and towns be nominated by a municipal primary election. Additionally, it provided that the city or town council of any city or town with the mayor-council form of government could pass a resolution requesting partisan primaries to be conducted by the recognized political parties. It was concluded in Opinion No. 89-314 that if no resolution is passed, a nonpartisan municipal primary will be conducted.
Subsequent to that opinion, the legislature repealed Act 905 and enacted Acts 59 and 430 during the 1991 legislative session. The portion of Act 905 of 1989 that is pertinent to your opinion request, however, was reenacted in the 1991 legislation. See
A.C.A. § 14-42-206 (Cum. Supp. 1991).
The current version of § 14-42-206(a) provides, in pertinent part:
 (a) The city or town council of any city or town with the mayor-council form of government, by resolution passed before January 1 of the year of the election, may request the county party committees of recognized political parties under the laws of the state to conduct party primaries for municipal offices for the forthcoming year. When the resolution has been adopted, the clerk or recorder shall mail a certified copy of the resolution to the chairmen of the state party committees. Candidates nominated for municipal office by political primaries under this section shall be certified by the county party committees to the county board of election commissioners and shall be placed on the ballot at the general election ballot.
A.C.A. § 14-42-206(a) (Cum. Supp. 1991).
The above language, when read together with the remainder of §14-42-206, indicates that in the absence of the resolution provided for therein, candidates for municipal office in cities or towns with the mayor-council form of government would run as independents. There is no indication in § 14-42-206 that a candidate would be authorized to run as a member of an organized party in the absence of the aforementioned resolution and subsequent party primary.
In conclusion, therefore, it is my opinion that a person may not run for municipal office as a member of an organized party in a city with the mayor-council form of government unless the resolution required by A.C.A. § 14-42-206 (Cum. Supp. 1991) has been passed by the city council.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CT/WB:ch